# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| |  |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff**, v. JOSE LUIS AVILES-VEGA [1], RICARDO JAVIER RIVERA-RUIZ [2], **Defendants**. | **CRIMINAL NO.** 12-555 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

A district court may refer a pending motion to suppress to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Rule 72(b). Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. See 28 U.S.C. § 636(b)(1). A party who files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)). Failure to comply with this rule precludes further review. See Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992). In conducting its review, the court is free to "accept, reject, or modify, in whole

or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (a)(b)(1); <u>Templeman v. Chris Craft Corp.</u>, 770 F.2d 245, 247 (1st Cir. 1985); <u>Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.</u>, 286 F.Supp.2d 144, 146 (D.P.R. 2003). Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object. <u>See Hernandez-Mejias v. General Elec.</u>, 428 F.Supp.2d 4, 6 (D.P.R. 2005) (citing <u>Lacedra v. Donald W. Wyatt Detention Facility</u>, 334 F.Supp.2d 114, 125-126 (D.R.I. 2004)).

On January 8, 2013, the United States magistrate judge issued a thorough, well-analyzed and comprehensive Report and Recommendation ("R&R") (Docket No. 84), recommending that defendant Aviles-Vega's motion to suppress (Docket No. 38), joined by defendant Rivera-Ruiz (Docket Nos. 41 and 44), be **DENIED.** On January 21, 2013 defendant Aviles-Vega filed his objection to the Report and Recommendation (Docket No. 85).  That same day, defendant Rivera-Ruiz joined defendant Aviles-Vega's objections (Docket No. 86), and the Court granted the request for joinder (Docket No. 87).

The Court has made an independent examination of the entire record in this case, including defendants' objections, and **ADOPTS**[1] the magistrate judge's findings and recommendations.

Accordingly, defendant Aviles-Vega's motion to suppress (Docket No. 38), joined by defendant Rivera-Ruiz (Docket Nos. 41 and 44) is **DENIED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 28, 2013.

> s/ Francisco A. Besosa
> FRANCISCO A. BESOSA
> UNITED STATES DISTRICT JUDGE

---

[1] Although the Court adopts the magistrate judge's Report and Recommendation, it does not agree that "this case presents a close question." (R&R, Docket No. 84, p. 1). The Court has read Florida v. J.L., 529 U.S. 266 (2000), and cases decided after it. This case is quite distinguishable from J.L. and more akin to those cases where the tip was based on an informant's first-hand and recent observation (as opposed to an anonymous telephone tip) which was held to have sufficient indices of reliability to support a determination of reasonable suspicion. E.g., U.S. v. Copening, 506 F.3d, 1241 (10th Cir. 2007); U.S. v. Valentine, 232 F.2d 350 (3d Cir. 2000). Additionally, the police were sufficiently careful to corroborate the information received about the vehicle involved, which turned out to be accurate.